1

2                    IN THE UNITED STATES DISTRICT COURT

3                  FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10   LUMPKIN WILLIAMS,

11          Plaintiff,                    CV F 07 1379 AWI WMW PC

12          vs.                           ORDER DISMISSING COMPLAINT
                                          WITH LEAVE TO
13                                        FILE AN AMENDED COMPLAINT

14                                        (THIRTY DAY DEADLINE)

15   DR. SALAHUDDIN, et al.,

16          Defendants.

17

18

19        Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C.

20   § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

21   § 636(b)(1).

22        This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the

23   California Department of Corrections and Rehabilitation at High Desert State Prison, brings this

24   civil rights action against defendant correctional officials employed by the CDCR at Pleasant

25   Valley State Prison.

26

1

Plaintiff's claims in this complaint relate to dental treatment that he sought while housed at Pleasant Valley.   Plaintiff alleges that he sought to have a tooth extracted.  Plaintiff appeared for his dental appointment and was advised that, in the opinion of the dentist, Plaintiff needed to have three teeth extracted.  Plaintiff alleges that two of the teeth did not need to be extracted. Plaintiff refused treatment.  Plaintiff was give two weeks in which to consider his options - have all three teeth extracted or refuse treatment.  Plaintiff alleges that he was never called back for treatment.  Plaintiff names as defendants the following individuals: Dr. Salahuddin, Dental Assistant Lebo; Warden Hansen; Warden Beels; Warden Mattingly.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In

1  order to violate the Eighth Amendment proscription against cruel and unusual punishment, there

2  must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v.

3  Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether

4  medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must

5  examine whether the plaintiff's medical needs were serious. See Id. Second, a court must

6  determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id.

7  at 1132.

8        In order to hold an individual defendant liable, Plaintiff must allege facts indicating that

9  the individual knew of and disregarded a serious risk to Plaintiff's health or safety, resulting in

10  injury to Plaintiff. Plaintiff names several individual defendants, but does not specifically charge

11  each defendant with particular conduct. Plaintiff must link each individual defendant with

12  conduct that constitutes deliberate indifference as that term is defined above.

13        Further, a mere difference of opinion between a prisoner and prison medical staff as to

14  appropriate medical care does not give rise to a section 1983 claim. Franklin v. Oregon, 662

15  F.2d 1337, 1344 (9th Cir. 1981). That Plaintiff disagrees with the opinion of the dentist does not,

16  of itself, subject the dentist to liability. Plaintiff must allege facts indicating that Dr. Salahuddin

17  knew and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff.

18        Plaintiff also names supervisory defendants. Liability may be imposed on supervisory

19  defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of

20  constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them.

21  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir.

22  1989). Plaintiff does not allege that facts indicating that the supervisory defendants participated

23  in, or knew of and failed to prevent, the alleged wrongs.

24        The court finds the allegations in plaintiff's complaint vague and conclusory. The court

25  has determined that the complaint does not contain a short and plain statement as required by

26

1   Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint

2   must give fair notice and state the elements of the claim plainly and succinctly.  Jones v.

3   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

4   least some degree of particularity overt acts which defendants engaged in that support plaintiff's

5   claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

6   8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

7   amended complaint.

8       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

9   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

10  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

11  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

12  there is some affirmative link or connection between a defendant's actions and the claimed

13  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

14  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

16  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

17  complaint be complete in itself without reference to any prior pleading.  This is because, as a

18  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

19  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

20  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

21  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

22      In accordance with the above, IT IS HEREBY ORDERED that:

23      1.  Plaintiff's complaint is dismissed; and

24      2.  Plaintiff is granted thirty days from the date of service of this order to file a

25  first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

26

4

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.


IT IS SO ORDERED.

**Dated:   April 11, 2008**                              **/s/  William M. Wunderlich**
                                                    UNITED STATES MAGISTRATE JUDGE