**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMPKIN WILLIAMS, | CASE NO. 1:07-cv-01379-AWI-YNP PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION |
| v. | |
| DR. SALAHUDDIN, et al., | (Doc. 15) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Lumpkin Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California at the time of the events described in Plaintiff's complaint. Plaintiff is suing under section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names Dr. Salahuddin (dentist), C. Lebo (dental assistant), Hansen (warden), Mattingly (warden), and Beels (warden) as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any claims for which relief can be granted under section 1983. The Court recommends that Plaintiff's claims be dismissed with prejudice.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Background**

    **A.    Procedural Background**

Plaintiff filed the original complaint in this action on September 20, 2007. (Doc. #1.) On April 11, 2008, the Court screened Plaintiff's original complaint. (Doc. #11.) The Court found that Plaintiff's original complaint failed to state any claims under section 1983. Plaintiff was informed of the deficiencies in his claims and given leave to file an amended complaint. Plaintiff filed his first amended complaint on July 15, 2008. (Doc. #15.) This action proceeds on Plaintiff's first amended complaint.

///

///

### B. Factual Background

Plaintiff filed an emergency request to have a dentist pull a tooth that was hurting him. Plaintiff demanded that the dentist only pull the single tooth that was hurting him. The dentist and his assistant[1] diagnosed Plaintiff's tooth and disagreed with Plaintiff's assessment. The dentist told Plaintiff that they would pull the hurting tooth along with two other teeth. Plaintiff was told that the two other teeth could not be filled and saved. The dentist requested Plaintiff's consent to pull the three teeth. Plaintiff refused and none of Plaintiff's teeth were pulled. Plaintiff claims that the dentist's diagnosis was erroneous because the two teeth were filled and saved later by another dentist.

## III. Discussion

Plaintiff claims that Defendants violated Plaintiff's rights under the Eighth Amendment by refusing Plaintiff's demand to pull only one tooth. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he

///

---

[1] The dentist and his assistant are presumably Defendants Salahuddin and Lebo, though Plaintiff does not specifically identify the dentist and his assistant.

3

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id. However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff's allegations do not rise to the level of deliberate indifference. Even assuming that Plaintiff's own evaluation of his tooth was correct and the dentist was wrong, Plaintiff has at most alleged that the dentist was negligent. Defendants' refusal to acquiesce to Plaintiff's demands and only pull a single tooth when their own evaluation determined that three teeth needed to be pulled does not violate the Eighth Amendment. Nothing in Plaintiff's complaint suggests that Defendants deliberately refused to acquiesce to Plaintiff's demands in order to cause the unnecessary and wanton infliction of pain. Plaintiff's allegations that another dentist was able to fill and save the two teeth are not sufficient to establish deliberate indifference. Plaintiff has at most alleged that Defendants made an incorrect diagnosis. An incorrect diagnosis in itself does not constitute deliberate

indifference to serious medical needs. Plaintiff fails to state any cognizable claims for the violation of his rights under the Eighth Amendment.

Plaintiff does not allege how Defendants Hansen, Mattingly, or Beels violated Plaintiff's constitutional rights. Plaintiff only alleges that they are wardens at PVSP and are responsible for the supervision of their employees. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has not alleged that Hansen, Mattingly, or Beels personally participated in Plaintiff's dental care, knew about it and failed to intervene, or implemented a policy that was so deficient that it constituted a repudiation of constitutional rights and was the moving force of any alleged constitutional violation. Plaintiff fails to state any cognizable claims against Defendants Hansen, Mattingly, or Beels.

Plaintiff was previously informed of the deficiencies in his complaint. (Order Dismissing Compl. With Leave to File an Amend. Compl. 2:1-4:7.) Plaintiff was specifically told that alleging a difference of opinion between a prisoner and prison medical staff is not sufficient to give rise to a section 1983 claim. Plaintiff was told that he must allege facts that show that Defendants knew and disregarded as serious risk to Plaintiff's health, resulting in injury to Plaintiff. Plaintiff was also informed of the deficiencies in his claims against supervisory personnel. Plaintiff has failed to amend his claims in any way that meaningfully address the deficiencies identified by the Court. As

///

such, the Court finds that Plaintiff's complaints are not capable of being cured by granting further leave to amend. The Court will recommend that Plaintiff's claims be dismissed with prejudice.

## IV. Conclusion and Order

The Court has screened Plaintiff's first amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Plaintiff was previously informed of the deficiencies in his Eighth Amendment dental care claims and provided with the appropriate legal standards for stating a cognizable claim. Plaintiff's first amended complaint fails to meaningfully address the deficiencies previously identified by the Court. As such, the Court finds that the deficiencies in Plaintiff's claims are not capable of being cured by granting further leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) ("district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts"); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) (pro se litigant entitled to an opportunity to amend the complaint to overcome any deficiencies unless it clearly appears from the complaint that the deficiency cannot be overcome by amendment).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's first amended complaint be dismissed, with prejudice, for failure to state any claims upon which relief can be granted under section 1983.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

6

Dated:     **March 18, 2010**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE